IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISON

| | |
|---|---|
| **JAMES KELLY MONROE, # 167435,** * | |
| * | |
| Plaintiff, * | |
| * | |
| vs. * | CIVIL ACTION NO. 23-00364-KD-B |
| * | |
| **TRANSAMERICA EQUIPMENT COMPANY,** * | |
| * | |
| Defendant. * | |

## REPORT AND RECOMMENDATION

Plaintiff James Kelly Monroe, an Alabama state prison inmate who is proceeding *pro se*, filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (Docs. 1, 2). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

Because Monroe seeks to proceed *in forma pauperis*, the undersigned conducted an initial screening review of his complaint under 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) requires a district court to dismiss an *in forma pauperis* prisoner action if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

1

During the screening process, the undersigned discovered that Monroe affirmatively misrepresented his litigation history under the penalty of perjury in his § 1983 complaint form in this action. In his complaint, Monroe flatly denied that he had previously filed any other lawsuits in state or federal court dealing with the same or similar facts involved in this action and/or relating to his imprisonment. (See Doc. 1 at 3). In fact, Monroe has filed several lawsuits in federal court relating to his imprisonment.[1]

Accordingly, after reviewing the present complaint and Monroe's prior cases, it is recommended that this action be **DISMISSED without prejudice** as malicious for abuse of the judicial process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because Monroe affirmatively misrepresented his litigation history to the Court.

I. **DISCUSSION**

In this action, Monroe sues Transamerica Equipment Company ("Transamerica"), his employer through a work release program operated by the Alabama Department of Corrections, for "indifferents to a serious medical need." (Doc. 1 at 5).

---

[1] See Monroe v. Haley, No. 1:99-cv-00960-CB-D (S.D. Ala. 1999); Monroe v. Thomas, No. 2:06-cv-00928-MEF-TFM (M.D. Ala. 2006); Monroe v. Ingle, No. 6:14-cv-01595-ACA-TMP (N.D. Ala. 2014); Monroe v. State of Ala. DOC, No. 7:20-cv-01660-AKK-GMB (N.D. Ala. 2020); Monroe v. Ala. Dep't of Corr., No. 7:21-cv-00333-AKK-GMB (N.D. Ala. 2021).

Specifically, Monroe alleges that he was injured when he was hit by a cable and thrown to the ground while working for Transamerica. (Id. at 8).  According to Monroe, "Mr. Blackmon" from Transamerica "was on the machine laughing when [Monroe] hit the ground." (Id.). Monroe asserts that when he requested to see a doctor, "Mr. Blackmon" told him that he would be okay and continued working. (Id.).  Monroe states that he was sent to the doctor after he returned to the work release center, but "they would not touch [him] because it is a worker's comp claim." (Id.).

In screening Monroe's complaint, the undersigned reviewed the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama and the Eleventh Circuit Court of Appeals.[2]  From those dockets, the undersigned discovered that Monroe previously filed several cases relating to his imprisonment, including cases, like the instant action, in which he claimed deliberate indifference to a serious medical need.  For example, in Monroe v. State of Ala. DOC, No. 7:20-cv-01660-AKK-GMB (N.D. Ala. 2020), Monroe claimed "indifferents to a serious medical need" and alleged that he was denied the insulin shots on

---

[2] This Court may take judicial notice of its own records and the records of other federal courts.  Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

which he depended as a diabetic for at least two days. ECF No. 1. Similarly, in Monroe v. Ala. Dep't of Corr., No. 7:21-cv-00333-AKK-GMB (N.D. Ala. 2021), Monroe alleged, among other things, that he was "denied medical attention to a serious medical need" when "the state refuse[d]" to walk him to the prison health care unit to check his blood sugar at the required times every day. ECF No. 1. And, in Monroe v. Ingle, No. 6:14-cv-01595-ACA-TMP (N.D. Ala. 2014), Monroe claimed deliberate indifference by a county sheriff based on the sheriff's alleged refusal to authorize funds for payment for Monroe's medical treatment by a bone specialist while he was an inmate at the county jail. ECF No. 1.

As he was required to do, Monroe drafted his complaint in the instant case using this Court's standard § 1983 prisoner complaint form. (See Doc. 1). The form directs prisoner plaintiffs to disclose whether they have filed (A) any other lawsuits in state or federal court dealing with the same or similar facts involved in the present action, and/or (B) any other lawsuits in state or federal court relating to their imprisonment. (Id. at 3). The form directs that if the answer to either of those questions is yes, the plaintiff is to describe each lawsuit in the space provided, and if necessary, describe additional lawsuits on a separate piece of paper. (Id.).

4

Despite having filed several cases relating to his imprisonment, including several such lawsuits asserting claims for deliberate indifference to his serious medical needs, Monroe expressly denied having filed any other lawsuits in state or federal court relating to his imprisonment or dealing with the same or similar facts involved in this action. (Id.). Monroe then proceeded to swear or affirm under penalty of perjury that the facts set out in his complaint are true and correct. (Id. at 7).

"Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury." Franklin v. Leon Cty. Sheriffs Off., 2022 U.S. Dist. LEXIS 235321, at *8, 2022 WL 18231678, at *4 (N.D. Fla. Dec. 6, 2022), report and recommendation adopted, 2023 U.S. Dist. LEXIS 5112, 2023 WL 163254 (N.D. Fla. Jan. 11, 2023). The Court's § 1983 complaint form requests information about prior actions from a prisoner plaintiff to assist in determining whether the prisoner's action is barred under 28 U.S.C. § 1915(g), whether the action is connected to another action, and whether the plaintiff is familiar with litigating his claims. See Doctor v. Nichols, 2015 U.S. Dist. LEXIS 124946, at *9-10, 2015 WL 5546397, at *3 (N.D. Fla. Aug. 19, 2015). When the prisoner fails to provide

information about all of his prior actions on the complaint form, the Court is deprived of this knowledge and is forced to expend more time and resources than would otherwise be necessary. Id., 2015 U.S. Dist. LEXIS 124946, at *10, 2015 WL 5546397, at *3.

Moreover, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed pleading, "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . is not being presented for any improper purpose, . . . [and] the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b)(1) & (3). The purpose of Rule 11 is to impress on the signer his personal responsibility for validating "the truth and legal reasonableness" of the document he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings. Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 543, 547 (1991).

"A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as

6

'malicious' under § 1915(e)(2)(B)(i) . . . ." <u>Ealy v. Corr. Corp. of Am.</u>, 2015 U.S. Dist. LEXIS 173850, at *2-3, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history), <u>report and recommendation adopted</u>, 2016 U.S. Dist. LEXIS 1023, 2016 WL 75074 (N.D. Fla. Jan. 6, 2016).

Given the recency of some of his filings, Monroe is undoubtedly well aware that he has filed several actions in federal court relating to his imprisonment. Accordingly, there can be little question that when Monroe filed the complaint in the instant action, he knowingly chose not to list any of his prior actions and then proceeded to sign his complaint under penalty of perjury, notwithstanding his misrepresentations. Because Monroe was not truthful to the Court about his prior litigation on his complaint form, his action is subject to being dismissed as malicious for Monroe's abuse of the judicial process. The only reason the undersigned would not recommend dismissing this action without prejudice is if the present action could not be re-filed because the two-year statute of limitations for a § 1983 action had expired.

In his complaint form, Monroe alleges that the actions complained of occurred on or about April 5, 2023. (Doc. 1 at 4-5, 8). Given the foregoing, there is no question that Monroe has the ability to re-file his action before the two-year statute of limitations expires, if he elects to do so. Because Monroe's claim can be re-filed, this action is due to be dismissed without prejudice as malicious for Monroe's abuse of the judicial process pursuant to 28 U.S.C. § 1915(e)(2)(b)(i).

## II.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** as malicious for abuse of the judicial process pursuant to 28 U.S.C. § 1915(e)(2)(b)(i).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the

provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **19th** day of **October, 2023.**

　　　　　　　　　　　　　　　　**/s/ SONJA F. BIVINS**
　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**